(No. 2567— ▮▮▮▮▮▮▮▮▮▮▮)

ETHEL HACKL, WIDOW AND JOSEPH HACKL, A SON, BENEFICIARIES OF EDWARD H. HACKL, DECEASED AND JOSEPH HACKL, BY ETHEL HACKL, HIS NEXT FRIEND, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 11, 1936.*

SAM GILBERT, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The petition in this case alleges that on the 30th day of August, 1934, Edward H. Hackl received an injury by reason of an accident arising out of and in the course of his employment by the State of Illinois, which resulted in his death on the 12th day of October, 1934. On the date aforesaid and prior thereto, claimant's intestate was employed by the Illinois Emergency Relief Commission for the Department of Public Works and Buildings in the Division of Highways of the State of Illinois, and was working on State Route 4 about 3 miles north of the village of Chatham in Sangamon County.

He was a common laborer and at the time he received the injuries he was wheeling a wheel-barrow loaded with dirt. His foot slipped on the somewhat wet ground and he fell forward, striking the upper abdomen upon the wheel-barrow. He immediately complained of pain and told one of his fellow employees, who advised him to quit wheeling and take up a rake and putter around until he felt better. He notified his foreman on the date of the injury, who notified him as to where to go for medical treatment. The accident had resulted in a ventral hernia. Doctor Don Deal, a physician and surgeon in Springfield, operated upon Hackl for the hernia on the 8th or 9th day of October, 1934 and Hackl died as a result of embolism on October 12, 1934. Hackl was receiving $4.00 a day and working 3 days per week. He left surviving a widow and one child, Joseph Hackl, who was 13 years of age, and claim is made under the Compensation Act for the sum of $4,450.00.

From an examination of the testimony, it appears that claimant's intestate received an injury that arose out of and in the course of the employment, and that proper notice was given. Claim was filed in this case on January 7, 1935. The question to be determined is whether or not the hernia was an old one or a new one, and the amount of compensation.

On September 1, 1934, Edward Hackl called at the office of H. B. Jay, Superintendent of Day Labor, Centennial Building, Springfield, and talked with Mr. Emery of that office, and reported that on August 30, 1934 (his work for the Illinois Emergency Relief Commission consisted of raking, shoveling and using a wheelbarrow) while using a wheelbarrow, he was injured, and he reported to Doctor Don Deal on August 31, 1934, at which time Doctor Deal informed him an operation was necessary. He wanted the State to pay for this operation and he was directed to take the matter up with Major White, Superintendent of Work Relief for Sangamon County. Hackl was reported to the Medical Relief by his visitor on September 24, 1934. Hackl visited the office of the Medical Relief on that last mentioned date, and stated he had suffered a rupture while on relief work; that he had had a similar injury in 1923 while working in a mine at Divernon, Illinois, and was operated on in 1923. Hackl was told to go home and rest as much as possible and stay off of his feet, until he could get in touch with Doctor Deal. Doctor Deal gives practically the same history of the hernia case in 1923 as Hackl did and stated this was a recurrence of the old hernia and a new one; in other words, an operation was necessary according to Doctor Deal and should be done in the near future.

Under date of August 31, 1934, a report of the accident was made by Harold Bartlett, the foreman, to the Department of Public Works and Buildings. The Illinois Emergency Relief paid Doctor Deal $50.00 for the operation and the St. John's Hospital bill amounting to $32.00.

At the time of his death, Hackl was 51 years old. He was taken to St. John's Hospital on Monday, October 8th, about 3 o'clock in the afternoon. He was operated on and died about 8:15 in the evening on Friday, October 12th, at St. John's Hospital.

Claim for compensation was made on the 20th day of November, 1934. That claim was filed with the Industrial Commission of Illinois, and thereafter a claim was filed with the Clerk of this court on the 7th day of January, 1935.

Hackl had been assigned to work on a project for the State of Illinois on S. B. I. Route 4, and was doing common labor. At the time of his injury he was pushing a wheelbarrow

on wet ground when his foot slipped, causing him to strike the wheelbarrow and receive a ventral hernia.

The record does not disclose when he commenced work, but discloses that the respondent had proper notice; that the accident arose out of and in the course of the employment, and the work he was doing was within the terms and provisions of the Compensation Act; that he left a widow, Ethel Hackl, and a son, Joseph Hackl, who was 13 years at the time of his father's death, having been born on August 30, 1921.

It appears that the deceased underwent an operation in 1922 for a ventral hernia; again in 1928 he had a recurrence and he was operated on in 1930 for the same thing, and it would seem that he was peculiarly subject to this ailment. He had two hernias in 1934; a recurrence of the old one and a fresh one in the same location but another opening, all within an area of two, three or four inches. There is no contention that his death was not the result of an operation for a hernia. The respondent contends that because of other hernias, that the one that caused his death was a pre-existing one at the time of the accident. This is not sustained by the evidence.

There were definite objective symptoms-pain accompanied the hernia. A notice was properly given and the employer had prompt notice and it was of very recent origin. There is proof that this particular hernia did not exist prior to the injury.

Under the statute, his widow is entitled to recover four times his average annual earnings, but not less than $2,500.00 or more than $4,000.00. The kind of work he was doing was not intended to be permanent, but only temporary. As a matter of fact, it was relief work, and we believe that the amount to be recovered in this case should be $2,500.00, and on account of the child being under sixteen years of age, to-wit: thirteen years at the time of the death of his father, that an award should be recommended in this case in the sum of $3,000.00. It is the understanding of this court that this sum will be paid out of the Illinois Emergency Relief Commission funds, and it is accordingly recommended that payment be made by said Illinois Emergency Relief Commission in the above amount in full settlement of this claim.